THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN LIQUORI and CHARLES SEGRETO, Appellants.— Appeal by defendants from a judgment of the Supreme Court, Kings County, rendered May 15, 1964 after a nonjury trial, convicting each of them of burglary in the third degree and grand larceny in the second degree, and sentencing each of them to Elmira Reformatory on the burglary count and suspending sentence on the larceny count. Judgment modified on the law and the facts by reversing the conviction of the defendants for grand larceny in the second degree, and by dismissing the indictment relating thereto. As so modified, judgment affirmed. The People proved beyond a reasonable doubt that defendants burgled an apartment in 1963 and stole therefrom a marriage ring, a television set and a stereophonic set. Testimonial proof was submitted by the People that the marriage ring had been purchased for $200 at an unspecified time, that in 1961 the stereophonic set had been purchased for $595, and that the television set had been purchased in 1961 for $300. In our opinion, such evidence, standing alone, is insufficient to establish the market value of the property at the time of the theft in 1963 (*People* v. *Irrizari,* 5 N Y 2d 142, 146). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES JOSEPH McGINNIS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 15, 1962 after a jury trial, convicting him of grand larceny in the first degree, and imposing sentence. Judgment affirmed (*People* v. *Gunner,* 15 N Y 2d 226, 233; *People* v. *Green,* 23 A D 2d 500). Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HOWARD W. OSTROLL, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered June 9, 1964 after a jury trial, convicting him of manslaughter in the second degree and sentencing him to serve a term of five to seven years. Judgment modified on the law and the facts by reducing the sentence to the time already served by the defendant. In our opinion, under all the circumstances, the sentence imposed upon this defendant was excessive. In the interests of justice the sentence should be reduced to the time already served and the defendant discharged. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.